MARCELINO HOYO and TRINIDAD RAMONA FRANCO VALDÉS DE HOYO, Appellants, *v.* THE REGISTRAR OF PROPERTY OF SAN JUAN, SECOND SECTION, Respondent.

No. 1045. Submitted April 7, 1939.—Decided April 24, 1939.

*E. H. F. Dottin,* for the appellants; the Registrar did not appear.

MR. JUSTICE DE JESÚS delivered the opinion of the Court.

The appellants own a mortgage over a house and lot in the municipality of Cataño, upon which notice of attachment was entered in favor of Sofía Reventós on May 17, 1927, in Civil Suit No. 4013, in the District Court of San Juan.

On January 21, last, by sworn statement to that end, the appellants required the Registrar of Property of San Juan, Second Section, to cancel the aforesaid attachment, inas-

much as more than four years had elapsed since the date of its entry.

The Registrar refused the requested cancellation and executed the following note at the foot of the document:

"The cancellation applied for in this affidavit is hereby denied: *First,* because according to Section 348(*a*) of the Mortgage Law, Section (*b*) of Act No. 12 of 1923 (Session Laws (2) p. 37), the only person who can apply for the cancellation of the liens is the owner of the property and not the creditors, and much less if they are the owners of previous liens; *Second,* because Section 348(*b*) so supports in permitting any natural or artificial person *who might be the owner of mortgage property* to apply to the competent court for an order directing the Registrar to cancel the mortgages referred to in this section; *Third,* because Section 79 of the Mortgage Law as amended by Act No. 20 of 1923, concerning contracts of lease says that the cancellation may be ordered on petition of the lessor, lessee or sublessee, *or the owner of the property* whose title is recorded, but does not permit any creditor to make such application; *Fourth,* because no provision of the Mortgage Law nor of the Regulations permits creditors whose rights shall have been recorded to obtain the cancellation of other credits, said right of application being granted only to the owners of the property, who are in a better position to know, and should know, whether prescription has been interrupted or not during the term stated in paragraph (*a*) of Act No. 12 of 1924 (Laws of 1924, p. 109), and consequently to apply for the cancellation on the grounds that no suit has been filed against the creditor to claim his right-a fact of which only the owner of the property would have notice, as against him execution of the cancellation would proceed, and not against a creditor, who did not contract the obligation. Cautionary notice entered for 120 days in favor of Trinidad Ramona Franco Valdés, at page 199, 3rd volume of Cataño, Property No. 151, Inscription B. San Juan, March 14, 1939."

■■■ Article 388-A of the Mortgage Law inserted in said code by Act No. 19 of July 9, 1936 (Third Special Session, p. 148) in its relevant portion reads:

"Article 388-A.—*On application of a party,* authenticated before a notary, the registrars of property shall proceed to cancel in the respective register:

"  *    *    *    *    *    *    *

"(*b*) Entries of attachment, prohibitions to alienate, suits, and all other entries made by virtue of judicial orders entered for over four (4) years, unless they are for just cause extended by order of the court where such cases are pending. If, when this Act takes effect, said term shall have wholly expired or only one (1) year or less thereof remains to run, the party interested in the entry shall have one (1) year from the time this Act takes effect to obtain from a competent court an extension of such entry." (Italics supplied.)

The law does not require, as the registrar maintains, that the application for cancellation must be made by the owner of the property. What the law requires is that the cancellation must be performed *"on application of a party"*, which means that the registrar must not perform it *de oficio,* that is, of his own accord. As the mortgagee has a real right over the mortgaged property, he is a party in interest as to it, and since the right to request such cancellations is not limited to the owner, any party in interest can do so.

The appellant's affidavit does not disclose whether the entry of attachment was not extended by order of the court that issued the writ; but since the registrar does not base his note upon that fact, we must presume that said entry was not extended.

For the above reasons, the note appealed from must be reversed and the cancellation of the attachment requested by the appellant's affidavit is hereby ordered.